**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| LORETTA BYRNS<br>PLAINTIFF, | * <br> * <br> * | CIVIL ACTION NO._____ |
| v. | * <br> * | COMPLAINT AND |
| UNITED RECOVERY SYSTEMS, LP<br>DEFENDANT | * <br> * | DEMAND FOR A JURY TRIAL |

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, LORETTA BYRNS ("Plaintiff"), through her attorney, JONATHAN P. HILBUN, alleges the following against UNITED RECOVERY SYSTEMS, LP ("Defendant"):

**INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* ("FDCPA").

2. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**JURISDICTION AND VENUE**

3. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Defendant conducts business in the State of Louisiana, and therefore, personal jurisdiction is established.

5. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

**PARTIES**

6. Plaintiff is a natural person residing in Prairieville, Ascension Parish, Louisiana.

7. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

9. Defendant is a debt collection company located in Houston, Texas.

## FACTUAL ALLEGATIONS

10. Defendant is attempting to collect a debt from Plaintiff, which, upon information and belief, is from a MasterCard in Plaintiff's name with Citi.

11. The debt Defendant is attempting to collect arises from transactions for personal, family and/or household purposes.

12. In its collection attempts, Defendant has contacted Plaintiff's family including, but not limited to, Plaintiff's daughter, son-in-law and granddaughter (xxx-xxx-3916).

13. Defendant calls Plaintiff from 877-478-7645.

14. Plaintiff's daughter informed Defendant that Plaintiff did not live with her. Defendant informed Plaintiff's daughter that it needed to speak with Plaintiff to clear up an important matter of a debt.

15. Defendant also informed Plaintiff's son-in-law that Plaintiff owed a debt.

16. Both Plaintiff's daughter and son-in-law informed Defendant that Plaintiff did not live there and not to call.

17. Despite being told that Plaintiff does not live with her daughter and son-in-law, and to stop calling, Defendant continued to call xxx-xxx-3916 multiple times per week.

18. Defendant also called and spoke with Plaintiff's ex-husband (xxx-xxx-6247) on July 26,

2012.

19. Defendant had placed prior calls to Plaintiff's ex-husband, as many as two calls per day, prior to speaking with him on July 26, 2012.

20. Importantly, Plaintiff spoke with Defendant prior to July 26, 2012, and therefore, Defendant did not need to contact Plaintiff's ex-husband for Plaintiff's location information.

21. Plaintiff feels embarrassed and humiliated when interacting with her family and ex-husband as a direct result of Defendant disclosing to them that a debt collector was attempting to collect a debt from her.

22. Plaintiff believes her family is judging her and questioning her actions when she socializes in public when a debt collector is calling them regarding a debt that she owes.

23. This has caused Plaintiff to socialize less frequently with her family at public functions where money would be spent.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

24. Defendant violated the FDCPA based on the following:

    a. Defendant violated §1692c(b) of the FDCPA by communicating with persons other than Plaintiff regarding the debt;

    b. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress or abuse Plaintiff in connection with the collection of the debt;

    c. Defendant violated §1692d(5) of the FDCPA by causing Plaintiff's telephone to ring repeatedly and/or continuously with intent to annoy Plaintiff;

WHEREFORE, Plaintiff, LORETTA BYRNS, respectfully requests judgment be entered against Defendant, UNITED RECOVERY SYSTEMS, LP for the following:

25. Actual damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

26. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

27. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k; and

28. Any other relief that this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, LORETTA BYRNS, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Dated: September 12, 2011               By: /s/ Jonathan P. Hilbun
                                        Jonathan P. Hilbun
                                        Attorney for Plaintiff
                                        2404 Middlecoff Drive
                                        Gulfport MS 39507
                                        Tel: 504-214-0459
                                        jonathan.hilbun@gmail.com